# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - DETROIT

**IN RE:**
Stephen Lawhorn,
Sally N. Lawhorn,

                      DEBTORS.
_____/

CHAPTER 13
CASE NO. 18-47605-MBM
JUDGE MARCI B. MCIVOR

## TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN

    **NOW COMES** the Chapter 13 Standing Trustee, David Wm. Ruskin, and objects to confirmation of the Chapter 13 Plan in the above matter pursuant to L.B.R. 3015-3(a) (E.D.M.) as follows:

    1.    The debtors' Plan fails to provide that all of the debtors' projected disposable income be utilized to fund the Plan. Specifically, the debtors' Schedule J has overstated the following expense(s) as required by 11 U.S.C. Section 1325(a)(3) and/or 11 U.S.C. Section 1325(b):

        a.    Child Care and Children's Education Costs $200.00. The Trustee requests the debtors provide objective documentation no less than fourteen (14) days prior to the scheduled confirmation hearing to evidence such actual expenses.

        b.    Vehicle Insurance $365.00. The Trustee requests the debtors provide objective documentation no less than fourteen (14) days prior to the scheduled confirmation hearing to evidence such actual expenses.

        c.    Pet Care $100.00.

        d.    Voya $48.00.

    2.    The debtors' Plan proposes to assume an unexpired lease with Ford Motor Credit for a 2016 Ford Flex with monthly payments in the amount of $573.00. The retention of this lease with an excessive monthly payment is not reasonably necessary for the debtors' maintenance and support as required by 11 U.S.C. Section 1325(b). *See, In re Rogers*, 65 B.R. 1018 (Bankr. E.D. Mi. 1986).

    3.    The plan fails to increase its funding upon the termination of the obligation to debtor's 403(b) loan pursuant to 11 U.S.C. 1325(b)(1)(B) and 11 U.S.C. 1325(a)(3).

    4.    Based on debtor's spouse's paystubs, debtor is voluntarily contributing, on average, $400.00 to a retirement account on a voluntary basis. This deduction is not disclosed in debtor's Schedule I as required by 11 U.S.C. Section 521 resulting in debtor's Plan failing to comply with 11 U.S.C. Section 1325(a)(1). Further, debtor's failure to disclose this contribution on Schedule I raised questions concerning the feasibility of debtors' Chapter 13 Plan as debtor's actual monthly

net income is less than the amount shown on debtors' Schedule I, calling into question debtor's ability to make debtors' Chapter 13 Plan payments as required by 11 U.S.C. Section 1325(a)(6). Finally, debtor's failure to disclose these voluntary retirement contributions evidences a lack of good faith as debtor is attempting to conceal voluntary retirement contributions which debtor would not be permitted to make had debtors correctly disclosed those contributions in the first instance. Therefore, debtor's Plan fails to comply with 11 U.S.C. Section 1325(a)(3) and Section 1325(a)(7).

5. Based upon an average of the debtor's pay stubs dated February 15, 2018, and February 28, 2018, provided prior to the First Meeting of Creditors, the debtor's gross income was in the average amount of $2,812.42, which constitutes monthly net income in the average amount of $1,943.31. As the debtors' Schedule I understates the debtor's monthly net income by approximately $128.00, the debtors' Plan fails to comply with 11 U.S.C. Section 1325(b)(1)(B) and 11 U.S.C. Section 1325(a)(3).

**WHEREFORE,** the Chapter 13 Standing Trustee requests this Honorable Court deny confirmation of the debtors' Chapter 13 Plan unless modified to meet these objections.

>                             OFFICE OF DAVID WM. RUSKIN, STANDING
>                             CHAPTER 13 TRUSTEE

> Dated: July 3, 2018         By: __/s/ Lisa K. Mullen__
>                             LISA K. MULLEN (P55478)
>                             THOMAS D. DECARLO (P65330)
>                             Attorneys for Chapter 13 Trustee, David Wm. Ruskin
>                             1100 Travelers Tower
>                             26555 Evergreen Road
>                             Southfield, MI 48076-4251
>                             Telephone (248) 352-7755

IN RE:

Stephen Lawhorn,
Sally N. Lawhorn,
              DEBTORS.
_____/

CHAPTER 13
CASE NO. 18-47605-MBM
JUDGE MARCI B. MCIVOR

## CERTIFICATE OF SERVICE OF TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN

I hereby certify that on July 3, 2018, I electronically filed the Trustee's Objections to Confirmation of Chapter 13 Plan with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

The following parties were served electronically:

    BABUT LAW OFFICES PLLC
    700 TOWNER STREET
    YPSILANTI, MI  48198-0000

The following parties were served via First Class Mail at the addresses below by depositing same in a United States Postal Box with the lawful amount of postage affixed thereto:

    Stephen Lawhorn
    Sally N. Lawhorn
    9893 Fairbanks
    Belleville, MI 48111-0000

    _____/s/ Vanessa Wild_____
    Vanessa Wild
    For the Office of David Wm. Ruskin
    Chapter 13 Standing Trustee - Detroit
    1100 Travelers Tower
    26555 Evergreen Road
    Southfield, MI 48076-4251
    (248) 352-7755